Judge Mills
delivered the opinion of the court.
This is a writ of forcible detainer, which has heretofore been decided by this court; and the opinion thereupon will be found in 1 Marshall, 330. On its return to the court below, another trial was had, and a verdict rendered for the defendant; and from that decision the plaintiff has appealed to this court.
On the trial, the plaintiff offered the copy of a lease or article of writing between him and the defendant, after proving its execution by the subscribing witness, and that he, the witness, had made the copy, and knew it to be correct. To lay a foundation to introduce this copy in lieu of the original, the plaintiff himself was offered to prove that he had not the custody of the original, and never had, and that it was lost, and he knew not where it was. To his introduction the defendant objected, and the court sustained the objection, and would not permit him to be sworn.
As was decided by this court in the case of M’Dowell vs. Hall, 2 Bibb, 630, the plaintiff was clearly competent, and ought to have been sworn, not to give testimony to the jury, but to the court, to satisfy the court that the best evidence was not in his power, and thereby lays a foundation for evidence of a secondary grade, and his rejection was therefore erroneous.
The plaintiff, to lay a further ground for the introduction of the copy, proved by the subscribing witness that the original paper was deposited with him for safe keeping by the parties, and that he had given it to the justice of the peace *367 at the time of making this inquest in the country, and that he had once seen it since, in court, at some trial betwen the parties, but did not now know where it was. The justice deposed that he had received the paper and returned it to the clerk's office, and had never seen it since The clerk stated that he knew nothing about it nor where it now was. That it had been his practice to deliver original papers to parties or their counsel, on the dismission of suits, or a non-suit; but he had no recollection of ever having delivered this writing either to the plaintiff or his counsel, since it was first in the office. All the counsel for the plaintiff stated that they knew nothing about the paper and had it not, except one attorney, who had been of counsel for the plaintiff in an action of covenant on the same lease, tried in the same court wherein a non-suit was suffered, who was not then present in court. The defendant then read the writ and declaration in the aforesaid action of covenant. The writ was issued and declaration filed on the 26th day of March, 1817, and a jury sworn, and a non-suit suffered at the August term of said court, in the the same year, some time previous to the first trial of this cause. The plaintiff then tendered the copy of the lease instead of the original; and the court rejected it as evidence, to which tha plaintiff excepted.
We cannot see how this decision of the court can be supported on principle. We conceive the plaintiff to have brought himself completely within the rule, which allows evidence of an inferior grade to be used, because the best cannot be had. The bare circumstance that the clerk frequently gave out original papers after non-suits and dismissions, when he did not remember to have given out this one, and the possibility that the plaintiff’s former counsel, then absent, might, under the practice of the clerk, havee gotten the paper, furnishes no apology for rigidly ruling the plaintiff to produce the original. There was no certainty, and indeed scarcely a probability, that the absent counsel held the custody of the paper.
The plaintiff then proved, that in the year 1814, he and the defendant made a written contract for the rent of the land in controversy, for the year 1815. That in the month of March, 1816, they entered into a verbal contract, that the defendant should have the land a year longer, and that the written contract between the parties for the previous year, was to be applied to the year 1816, in even particu *368 lar—that the defendant lived on the land during the two years, for which he paid the plaintiff his annual rent, and that he continues to live on the same land ever since he got possession under the plaintiff, as aforesaid: that another tenant had lived on the land under the plaintiff two years next preceding that on which the defendant got the possession, and that at the time the plaintiff put said tenant on the land, it was a waste place, and had been previously rented out by capt. Craddock as agent for a military claimants. On this evidence, being all given by the plaintiff, the court, at the instance of the defendant, instructed the jury that it was not sufficient to authorise a verdict for the plaintiff, and that they ought to find for the defendant. To this opinion the plaintiff likewise excepted.
Where, by the terms of a lease its duration is limited, a tenant has no right to require notice to quit.
A tenant receiving possession under a land lord, can never controvert land lord’s title.
We are left to conjecture on what ground the court gave this instruction. It certainly could not be on the ground that the defendant was, by construction, a tenant from year to year, and as such, entitled to six months notice to quit. For this doctrine only applies to cases where there is no express contract determining the lease, and where the lease is to be guided by operation of law, and not the contract of the parties. Where the period of renting is fixed by express agreement, whether it be from year to year, or any other definite period, the tenant is never entitled to notice, for the purpose of informing him when his own contract expires. We are unwilling to suppose that the instruction was based on the fact, that another had had possession of the land previous to the time the plaintiff undertook to lease it. For it is entirely immaterial to the defendant in this case, who held it previous to his acquiring possession from the plaintiff. It was not necessary for the plaintiff to shew that he had had the previous actual possession; for the fact being ascertained that the defendant entered as tenant to the plaintiff, he is estoped to enquire into what kind of possession the plaintiff previously held, or to gainsay his right to restitution, after his own lease expired. If the instruction was based on this ground, it was in direct conflict with the decision and mandate of this court in this cause, to which that court was bound to submit; and therefore this conjecture is inadmissible. On no ground, then, which this court can discover, can the decision be supported; and on every point the opinion of the court below is deemed erroneous, and must be reversed with costs, and a mandate certified to that court to proceed to trial, conducted in conformity with this decision.